993 F.2d 882
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Glen Edward CORNIST, Petitioner-Appellant,
v.
John RATELLE, Warden, and the Attorney General of the State
of California, Respondents-Appellees.
 No. 92-55751.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 4, 1993.*
Decided May 13, 1993.
 
 Before: D.W. NELSON, WIGGINS, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Glen Edward Cornist (Cornist), the former owner/operator of several halfway houses for state prisoners, appeals the district court's denial of his habeas corpus petition stemming from his conviction of one count each of attempted murder without premeditation and assault with a firearm in the shooting of Barbara Cornist (Barbara), his ex-wife and business partner. We AFFIRM.
 
 I. Reasonable Diligence
 
 3
 The state trial court decided to allow Barbara's preliminary hearing testimony to be read to the jury because it found she was "unavailable" as a witness under Cal.Evid.Code § 240(a)(5). We review de novo. See Acosta-Huerta v. Estelle, 954 F.2d 581, 585 (9th Cir.1992). A witness is unavailable for purposes of the exception to the confrontation requirement if prosecutorial authorities have made a good-faith effort to obtain her presence at trial. Ohio v. Roberts, 448 U.S. 56, 74 (1980).
 
 
 4
 The district court did not err in concluding that the state courts correctly found the prosecution used reasonable diligence in trying to secure Barbara's presence. Even if, as Cornist urges, we confine our analysis to the period from November 8, 1987, to January 25, 1988, the record supports such a finding. Since Barbara's preliminary hearing testimony bore indicia or reliability, Acosta-Huerta, 954 F.2d at 586 n. 8, no Sixth Amendment violation occurred and the trial court did not err in permitting that testimony to be read to the jury.
 
 
 5
 Cornist complains about and provides his own interpretation of, inter alia, the destruction of an unserved subpoena, the prosecution's coaxing of Barbara at the preliminary hearing to testify that Cornist told her he was going to kill her, and the district court's reference to February 4, 1988, as the date of trial. The record supports the district court's findings with regard to these events. Cornist then suggests the district court was confused about the facts of this case because it erroneously listed his case as "91-1672-GT" in its April 24, 1992 order. This argument is meritless.
 
 
 6
 Cornist argues the district court erred in selecting the hearsay rule as a basis for its decision. Specifically, Cornist claims that, the testimony of Frank Brown (Brown), who is not otherwise identified and whose testimony does not appear in the excerpts of record, and Barbara's treating physician, Joanne Louis, M.D. (Louis), that Barbara told them the incident was an accident rendered Barbara's preliminary hearing testimony to the contrary an inconsistent statement under Cal.Evid.Code § 1350. This assertion is unsupportable, as the inconsistency is judged against the declarant's former statement, not the later statement of third parties.
 
 
 7
 On the issue of whether the state trial court erred in denying defense counsel's motion for mistrial and/or by failing to reopen the case sua sponte, the district court concluded that Cornist was procedurally barred from raising these issues. We agree. After Barbara's arrival during closing arguments, the trial court gave counsel a short recess to consider the situation created by her arrival. After conferring with Barbara during the recess, Cornist's counsel submitted the matter to the court without moving to reopen the case.
 
 II. Disqualification of Trial Judge
 
 8
 On appeal, Cornist argues for the first time that he was denied his right to due process and a fair and impartial trial in that the state trial judge, the Honorable William D. Mudd, failed to recuse himself because he was acquainted with both Cornist and Barbara, had attended a private luncheon at the Cornist's residence, had sent persons to Cornist's halfway house, and had remarked prior to trial that "Glen Cornist has no credibility in my courtroom" due to an incident involving Cornist's sentencing to his own halfway house for drunk driving convictions. Cornist claims his counsel asked Judge Mudd to recuse himself in chambers, but admits his counsel made no motion on the record. He argues, however, that Judge Mudd had a duty to recuse himself, sua sponte or to divulge the above information in open court. Because Cornist's argument was not raised below, nor on the record in the state court, we will not consider it.
 
 CONCLUSION
 
 9
 The district court's order denying Cornist's petition for habeas corpus is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3